114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STANDARD MULTIWALL BAG MANUFACTURING COMPANY, Plaintiff,
and
Taian Insurance, Plaintiff-Appellant,
v.
MARINE TERMINALS CORPORATION, a Nevada corporation; Port of
Portland, Oregon Municipal Corporation,
Defendants-Appellees.
STANDARD MULTIWALL BAG MANUFACTURING COMPANY, Plaintiff,
and
Taian Insurance, Plaintiff-Appellant,
v.
MARINE TERMINALS CORPORATION, a Nevada corporation; Port of
Portland, Oregon Municipal Corporation,
Defendants-Appellees.
 Nos. 96-35267, 96-35268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided May 21, 1997.
 
 Before: SKOPIL, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court properly determined that the scope of defendants' liability is governed by the Carriage of Goods by Sea Act (COGSA). 46 U.S.C. § 1300 et seq. The bill of lading extends COGSA's liability limitations to "all terminal operators" and "stevedores," including "indirect sub-contractors" not having a direct contractual relationship with the shipper, Evergreen. Bill of Lading p 4, ER at 16. This provision unambiguously covers both defendants. See Institute of London Underwriters v. Sea-Land Service, Inc., 881 F.2d 761, 767 (9th Cir.1989).
 
 
 3
 Appellants contend that the bill of lading was no longer in effect when their goods were damaged because the contract expired once the goods left Evergreen's "actual custody." Bill of Lading p 5(A), ER at 16. However, by equating "actual custody" with physical possession, appellants read the bill of lading too narrowly. Although the goods had already been offloaded from Evergreen's ship at the time they were damaged, they were being stored on property in which Evergreen had purchased a "use interest" from the Port. ER at 79. Evergreen had an unfettered right to enter this property, and the Port was only allowed to use Evergreen's storage space when doing so would not "interfere with" Evergreen's operations. ER at 74. Appellants' goods were therefore housed on property over which Evergreen maintained a substantial degree of control. This is sufficient to satisfy the bill of lading's "actual custody" requirement.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3